UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ABOU BOCARA DIAWARA** | § | Case No. 1:22-cv-392 |
| 1519 LAKELAND AVENUE | § | Judge |
| CINCINNATI, OHIO 45237 | § | |
|       **Plaintiff** | § | |
| v. | § | |
| | § | **DIVERSITY JURISDICTION** |
| **HERTZ CORPORATION** | § | **28 U.S.C. §1332** |
| C/O CT CORPORATION SYSTEMS | § | |
| 4430 EASTON COMMONS WAY | § | |
| SUITE 125 | § | |
| COLUMBUS, OHIO 43210 | § | |
| | § | |
| and | § | |
| | § | |
| **DOLLAR RENT A CAR, INC** | § | |
| C/O CT CORPORATION SYSTEMS | § | |
| 4430 EASTON COMMONS WAY | § | |
| SUITE 125 | § | |
| COLUMBUS, OHIO 43210 | § | |
| | § | |
| and | § | |
| | § | |
| **JOHN DOES 1-10** | § | |
| Name Unknown | § | |
| Address Unknown | § | |
|       **Defendants** | § | |

COME NOW, Plaintiff, **ABOU BOCARA DIAWARA [hereinafter referred to as Plaintiff]**, who files his Complaint, alleging an action for Personal Injury and Product Liability pursuant to Ohio Revised Code §§2125.02 and 2305.21 as follows based upon personal knowledge as to the investigation as to the acts of Defendants:

### A. THE PARTIES

1. Plaintiff is an adult resident of the state of Ohio, County of Hamilton and City of Cincinnati.

**2.** Defendant **HERTZ CORPORATION, [hereinafter referred to as 'Hertz']**is a Delaware Corporation/LLC/Partnership registered as a foreign corporation to do business in the State of Ohio and maintains an office and/or other facilities within this Judicial District.  Hertz conducts business in the United States and Canada as Hertz Corporation.  Collectively Defendants will be referred to as "Hertz."  Hertz leased the within described motor vehicle for use by consumers to drive in any state of the United States.  It may be served with process through its registered agent, CT Corporation System, 4430 Easton Commons Way, Suite 125, Columbus, Ohio 43210.

3. Defendant **DOLLAR RENT A CAR, INC**. **[hereinafter referred to as 'Dollar']** is an Oklahoma Corporation/LLC/Partnership registered as a foreign corporation to do business in the State of Ohio and maintains an office and/or other facilities within this Judicial District.  Hertz conducts business in the United States and Canada as Hertz Corporation.  Collectively Defendants will be referred to as "Hertz."  Dollar leased the within described motor vehicle for use by consumers to drive in any state of the United States.  It may be served with process through its registered agent, CT Corporation System, 4430 Easton Commons Way, Suite 125, Columbus, Ohio 43210.

4. Defendants **JOHN DOES 1-10 [hereinafter referred to as John Does]**  is/are a Corporation/LLC/Partnership with an unknown principal place of business whose name and address is otherwise unknown at this time and is unable to be determined even after a diligent search. Defendant is registered as a foreign corporation to do business in the State of Ohio and maintains an office and/or other facilities within this Judicial District.  Said Defendant conducts business in the United States and Canada.  Collectively Defendants will be referred to as

"Hertz." John Does leased the within described motor vehicle for rental by consumers to drive in any state of the United States.

## B. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Hertz and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 USC §1391(b)(3)

## C. INTRODUCTION

7. On July 6, 2020, the Plaintiff leased a vehicle from Hertz for a return trip home from Atlanta Georgia to Cincinnati, Ohio.

8. As he was traveling on interstate 71 in or near Williamstown Kentucky the entire left rear wheel came off the vehicle causing the Plaintiff to lose control of the vehicle and veer left which caused him to strike a concrete wall separating north and southbound traffic. The vehicle then bounced off the wall back into the lanes of travel crossing into the middle land before it began to slide and cross back to the left colliding with the concrete wall again before finally coming to a rest.

9. The vehicle suffered severe damage to the entire front portion of the vehicle becoming disabled resulting in it having to be towed.

10. Immediately prior to losing control of the vehicle the Plaintiff heard a loud sound.

11. He observed his wheel fly through the air past the vehicle. Multiple airbags were deployed.

12. The Plaintiff suffered severe injuries from the accident requiring medical treatment and causing severe pain and suffering.

## D. COUNT 1 – NEGLIGENCE AND GROSS NEGLIGENCE

13. The Plaintiff re-allege and incorporate the foregoing allegations.

14. The Plaintiff will further show that at all times material hereto the vehicle was under the exclusive control of the Hertz, their agents, servants and employees, and that had Hertz herein not been

guilty of negligence, the Plaintiff would not have sustained his injuries. Accordingly, the Plaintiff is entitled to recover from Hertz under the doctrine of *res ipsa loquitur*.

15. The law imposed a duty on Hertz, as a lessor and marketer of rental cars, to exercise reasonable care. Hertz knew, or in the exercise of ordinary or reasonable care ought to have known, that the vehicle leased to the Plaintiff was dangerous, unsafe, and highly harmful to Plaintiff' health:

    a. Hertz negligently failed to rent a reasonably safe product;

    b. Hertz negligently placed the vehicle into the market;

    c. Hertz negligently failed to remove the vehicle from the market;

    d. Hertz negligently failed to maintain the vehicle to ensure the safety of the Plaintiff;

    e. Hertz negligently failed to conduct sufficient inspection of the vehicle to discover the defective condition of the vehicle:

    f. Hertz negligently failed to take any reasonable precautions or exercise reasonable care to warn Plaintiff of the defective nature of the vehicle;

    g. Hertz negligently failed to warn Plaintiff that he undertook the risk of adverse events and possible death relating to defective vehicle.

16. Hertz acts of negligence, as described above but not limited to these specific acts, proximately caused the Plaintiff's injuries and the occurrence in question.

### E. COUNT 2 – NEGLIGENCE-SALE OF PRODUCT

17. The Plaintiff re-allege and incorporate the foregoing allegations.

18. Hertz, leased, sold, marketed and/or distributed a vehicles that was supplied to the Plaintiff for use.

19. The Plaintiff was exposed to and surgery was performed on her using this hazardous product.

20. Hertz had the duty, as product sellers, to exercise reasonable care for the safety of the Plaintiff.

21. These duties included the responsibility for the following safety and health matters relating to the car rental:

      a.    the investigation of the risks;

      b.    providing adequate and timely precautionary warnings of the dangers associated with their vehicles;

      c.    providing adequate and timely information about the true risks of injury associated with their vehicles;

22.    Hertz knew, or in the exercise of reasonable care should have known, that the defective vehicle would cause serious physical harm to the Plaintiff.

23.    Hertz breached its duty of reasonable care to the Plaintiff and was negligent, without regard to whether the acts were intentional, knowing, malicious or reckless.

24.    Hertz's negligent acts and omissions were the direct and proximate causes of the occurrence in question and Plaintiff's injuries and/or damages.

### F. COUNT 3 – COMMON LAW STRICT LIABILITY

25.    Plaintiff re-allege and incorporate the foregoing allegations.

26.    In addition to pleading negligence, Plaintiff pleads the doctrine of strict liability. Hertz is strictly liable to Plaintiff under Section 402A, Restatement (Second) of Torts, for the rental of the defective vehicle.

27.    Hertz is strictly liable to Plaintiff under Section 402A, Restatement (Second) of Torts, for the defective vehicle. Hertz failed to provide adequate warnings of the defect.

28.    Hertz is also strictly liable for Plaintiff's injuries to the Plaintiff under Section 402B of the Restatement (Second) of Torts in misrepresenting to the plaintiff that its product was safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the vehicle in

question, and upon which representations the Plaintiff relied, and which constituted a producing cause of the injuries at issue.

29. Further, each of the above and foregoing acts or omissions of Hertz were more than momentary thoughtlessness, inadvertence, or error of judgment. Such acts or omissions constituted such entire want of care as to establish that the acts or omissions were the result of actual conscious indifference to the rights, safety, or welfare of the person or persons affected. Plaintiff is entitled to recover judgment against Hertz for exemplary damages.

### G. COUNT 4 – BREACH OF WARRANTIES (EXPRESS and IMPLIED)

30. Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

31. Hertz through descriptions, affirmations of fact, and promises relating to the general public, including the Plaintiff, expressly warranted that its vehicles are both safe and efficacious for its intended use.

32. Hertz breached these express warranties to Plaintiff in violation of the applicable provisions of the Uniform Commercial Code by:

    a. Without warning or disclosure of the defective nature of the vehicle or of such risks to the Plaintiff without modifying or excluding such express warranties;

33. Hertz were or should have been in possession of evidence demonstrating that vehicle was defective. Nevertheless, Hertz continued to lease the vehicle without regard to the safety and efficacy of vehicle.

34. Hertz actions, as described above, were performed willfully, intentionally and with reckless disregard for the rights of Plaintiff.

### H.  COUNT 5 – ACTUAL DAMAGES

35. The Plaintiff re-alleges and incorporate the foregoing allegations.

36. Plaintiff seeks compensation for the damages he has sustained relating to the physical pain of the Plaintiff and for mental anguish and having to suffer rehabilitation and recovery as set forth above.

### I.  COUNT 6 – PUNITIVE DAMAGES

37. The Plaintiff re-allege and incorporate the foregoing allegations.

38. Plaintiff is entitled to punitive damages because Hertz's failure to warn was reckless and without regard for the public safety and welfare.  Hertz misled both the Plaintiff and the public at large,

39. Hertz, its agents, representatives and employees were or should have been in possession of evidence demonstrating that their products would fail and cause serious side effects.

40. Hertz's acts and omissions were grossly negligent, malicious, and constitute an egregious fraud.  Further, Hertz acted in reckless disregard of the safety of the Plaintiff and others, justifying the imposition of punitive damages.  The Plaintiff is entitled to punitive damages because of Hertz maliciousness and reckless disregard of the Plaintiff's safety.

### J.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Hertz and in favor of the Plaintiff, and to award the following relief:

a. General damages in the sum in excess of $75,000.00 and/or the jurisdictional minimum of this Court;

b. Compensatory damages including but not limited to pain and suffering;

c. Consequential Damages;

d. Punitive and exemplary damages;

e. Pre-judgment and post-judgment interest as provided by law;

f. Costs including, but not limited to, discretionary Court costs of this cause, and those costs available under the law, as well as expert fees and attorney fees and expenses, and costs of this action; and,

g. Such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/Arthur W. Harmon, Jr.**

**Arthur W. Harmon, Jr. (0022221)**
**Arthur W. Harmon, Jr. Attorney at Law, LLC**
**8044 Montgomery Road, Suite 700**
**Cincinnati, Ohio 45236**
**Tel: 513-793-1991**
**Fax: 513-793-1991**
**arthur.harmon@harmonattorneys.com**

**TRIAL ATTORNEY FOR PLAINTIFF**